IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

ANTHONY MCCOY,

        Petitioner,

v.                                 Case No. 5:16-cv-06915

D.L. YOUNG, Warden,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On  August 1, 2016, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia[1], acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1).  Petitioner paid the applicable $5.00 filing fee.  This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving what has been described by Respondent as an aggregate life sentence imposed by the Superior Court of the District of Columbia, following his conviction on various offenses, including voluntary manslaughter while armed.   At the time of those offenses, Petitioner was serving a four-year term of

---

[1]  The petitioner is now incarcerated at FCI Bennettsville in Bennettsville, South Carolina.

supervised release imposed by the United States District Court for the District of Columbia, which was subsequently revoked. Petitioner has filed the instant petition for a writ of habeas corpus asserting that his life term of imprisonment should have commenced on December 19, 2000, the date it was imposed. He further claims that he is entitled to prior custody credit for the time period between April 24, 1999, the date of his arrest, and December 18, 2000, the day before his life sentence was imposed. An explanation of the procedural history of Petitioner's criminal cases will be helpful.

On February 28, 1995, Petitioner was sentenced in the United States District Court for the District of Columbia ("D.C. District Court") to a 40-month term of imprisonment, followed by a four-year term of supervised release, after his conviction for distribution of five grams or more of cocaine base. *United States v. McCoy*, No. CR-93-421. That sentence was commenced on April 17, 1995, the date Petitioner voluntarily surrendered for service thereof. He received six days of prior custody credit for time spent in pre-trial custody. Petitioner satisfied that term of imprisonment on March 13, 1998 and began serving his four-year term of supervised release. (ECF No. 13 at 2 and Ex. A, Attach. 3 and 4).

On December 23, 1998, the D.C. District Court modified Petitioner's special conditions of supervised release to include his participation in the United States Parole Commission's Sanction Center Program (a halfway house program) for a period not to exceed 180 days. (*Id.*, at 2 and Ex. A, Attach. 5 and 6). However, on February 13, 1999, Petitioner was deemed missing from the halfway house program, and was terminated therefrom. (*Id.* at 3 and Ex. A, Attach. 6).

On February 17, 1999, the Superior Court of the District of Columbia ("D.C. Superior Court") issued an arrest warrant charging Petitioner with murder. *District of Columbia v. McCoy*, No. USW262.99. (*Id.* at 3 and Ex. A, Attach. 7).

On March 26, 1999, the United States Probation Office for the D.C. District Court submitted a petition for violation of Petitioner's conditions of supervised release based upon his abscondence from the halfway house program and failed drug tests. (*Id.* at 3 and Ex. A, Attach. 6). On April 1, 1999, the D.C. District Court issued an arrest warrant for Petitioner for violation of his conditions of supervised release. (*Id.* at 3 and Ex. A, Attach. 8).

On April 24, 1999, Petitioner was arrested by the Federal Bureau of Investigation ("FBI") in the District of Nevada on the warrants issued by both the D.C. District Court and the D.C. Superior Court. On that same date, Petitioner was taken into custody by the United States Marshals Service ("USMS") for transport to the District of Columbia. (*Id.* at 3 and Ex. A, Attach. 9 and 10).

On August 10, 1999, the D.C. District Court revoked Petitioner's supervised release and sentenced him to serve a 36-month term of imprisonment, with no supervised release to follow. (*Id.* at 3 and Ex. A, Attach. 11). The Federal Bureau of Prisons ("BOP") prepared a sentence computation commencing the 36-month term of imprisonment on August 10, 1999, the date it was imposed, in accordance with 18 U.S.C. § 3585(a). Pursuant to 18 U.S.C. § 3585(b), Petitioner also received 108 days of prior custody credit for time spent in custody from April 24, 1999, the date of his arrest, through August 9, 1999, the date prior to the commencement of his new federal sentence. With credit for good conduct time, that sentence was satisfied on December 3, 2001. (*Id.* at 4 and Ex. A, Attach. 12).

3

On December 19, 2000, Petitioner was sentenced to various terms of imprisonment by the D.C. Superior Court.[2]  The BOP prepared a sentence computation for these sentences which commenced those sentences on December 3, 2001, the date that Petitioner satisfied his federal revocation sentence imposed by the D.C. District Court.  According to Respondent, no prior custody credit was awarded on the D.C. Superior Court sentences because all of the time spent in custody between April 24, 1999, when Petitioner was arrested, and December 3, 2001, when he discharged his federal revocation sentence, was applied to his federal revocation sentence.  (*Id.* at 4-5 and Ex. A, Attach. 14).

On June 2, 2017, Respondent filed a Response to Order to Show Cause asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further relief.  (ECF No. 13).  Petitioner filed a Traverse (ECF No. 16) on July 13, 2017.  This matter is ripe for review.

## RELEVANT LEGAL AUTHORITY AND THE PARTIES ARGUMENTS

Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, D.C. Code § 24-1201(a) and (b), Congress transferred responsibility for incarcerating District of Columbia felons to the BOP and provided that "[s]uch persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." Following the imposition of a sentence by a federal court or the D.C. Superior Court, the

---

[2]  Specifically, Petitioner was sentenced to 5 to 15 years for Possession of a Firearm During a Crime of Violence (Count C); 20 months to 5 years for Carrying a Pistol Without a License (Count D); 1 year for Possession of Unregistered Firearm (Count E); 1 year for Possession of Unregistered Ammunition (Count F); and 15 years to Life for Voluntary Manslaughter While Armed (Count G). The 5 to 15 years on Count C and the 1 year terms on Counts E and F were to run concurrent to any other sentence, but the 20 months to 5 years on Count D and the 15 years to Life on Count G were ordered to run consecutive to any other sentence.  (*Id.* at 4 and Ex. A, Attach. 13).

BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a).

The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  (ECF No. 13 at 5).  Furthermore, section 3585(b) of Title 18 generally prohibits a defendant from receiving double credit for detention time.

Thus, prior custody credit generally cannot be granted if the prisoner has already received credit toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).  (ECF No. 13 at 7).  Additionally, pursuant to 18 U.S.C. § 3584(a), when multiple terms of imprisonment are imposed at different times, such terms are deemed to run consecutively unless the court orders that such terms are to run concurrently.  *See* 18 U.S.C. § 3584(a).

As noted by Respondent, there is no provision of the D.C. Code addressing the commencement of a sentence.  Thus, for D.C. Code offenses that occurred after November 1, 1987, 18 U.S.C. § 3585(a) is followed.  Pursuant to D.C. Code § 23-112, a sentence shall run consecutive to any other sentence, <u>unless otherwise expressly ordered by the court</u>, whether or not the offense (1) arises out of another transaction, or (2) arises out of the

5

same transaction, but requires proof of a fact which another offense does not. (ECF No. 13 at 6 and Ex. A, Attach. 16 at 1).

However, with respect to prior custody credit, BOP Program Statement 5880.33, District of Columbia Sentence Computation Manual, § 8.4 specifically states that section 3585(b) does not apply to D.C. Code sentences. Moreover, where the arrest on the D.C. Code offenses are made by a federal official, the program statement appears to mandate credit for jail time beginning on the date the prisoner was taken into custody for the offense for which the sentence is imposed. *Id.*, § 8.8(b)(1).

Petitioner's section 2241 petition seeks credit on his D.C. Superior Court sentences for the time he served in custody between his arrest on April 24, 1999, and December 3, 2001, when he satisfied his federal revocation sentence and began serving the D.C. Superior Court sentences, all of which was credited against his federal revocation sentence. The petition further contends that Petitioner was initially arrested on the D.C. Superior Court warrant and that he was in primary custody on that warrant. Therefore, his petition further contends that his D.C. Superior Court sentences should have immediately commenced. (ECF No. 1 at 9-10).

The D.C. Superior Court ordered Petitioner's 15 years to Life sentence on Count G and his 20 months to 5 years sentence on Count D to run consecutive to any other sentence. Accordingly, Respondent asserts that, pursuant to 18 U.S.C. § 3585(a) and D.C. Code § 23-112, the D.C. Superior Court sentences could not commence prior to December 3, 2001, when Petitioner discharged his federal revocation sentence. (*Id.* at 6 and Ex. A, Attach. 15). Respondent's Response, however, is silent concerning the effect of the petitioner's concurrent D.C. Superior Court sentences in Counts C, E, and F, and further asserts that 18 U.S.C. § 3585(b) prohibits the award of prior custody credit thereto.

Petitioner's Traverse clarifies his argument and asserts that, as a result of the D.C. Superior Court's order making some of his sentences <u>concurrent to any other sentence</u>, those concurrent sentences should have commenced on the date when they were imposed, which was December 19, 2000, not on December 3, 2001, when he discharged his D.C. District Court revocation sentence. (ECF No. 16 at 2-3). Petitioner contends that these alleged errors in his sentence calculation affects his parole eligibility date on the D.C. Superior Court sentences.

## ANALYSIS

A review of the record before this court indicates that the petitioner was arrested on both the D.C. District Court warrant and the D.C. Superior Court warrant on April 24, 1999. Thus, he was in the custody of the Attorney General of the United States on both warrants simultaneously. However, he was prosecuted and sentenced by the D.C. District Court first and, thus, that sentence began to run first. While Respondent correctly contends that the consecutive D.C. Superior Court sentences (Counts D and G) could not begin to run until December 3, 2001, when Petitioner completed his federal revocation sentence, Respondent fails to address the effect of the concurrent sentences.

Pursuant to 18 U.S.C. § 3584(a) and D.C. Code § 23-112, the sentences for Counts C, E, and F imposed by the D.C. Superior Court, which were ordered to run <u>concurrent to any other sentence</u>, should have commenced on December 19, 2000, when they were imposed, and run concurrently with the remainder of the federal revocation sentence. To the extent that the D.C. Superior Court's orders are ambiguous in this respect, such ambiguity should be resolved in Petitioner's favor. *See, e.g., Gaddis v. United States*, 280 F.2d 334, 336 (6th Cir. 1963) ("Where there is any ambiguity, the prisoner is entitled to have the language in the [sentencing] pronouncement construed most favorable to him.")

Furthermore, Respondent's contention that Petitioner is not entitled to any prior custody credit on his D.C. Superior Court sentences under 18 U.S.C. § 3585(b) appears to be erroneous, as Program Statement 5880.33, § 8.4 explicitly states that section 3585(b) does not apply to D.C. Code sentences. Rather, it appears that the BOP must defer to Title 24, D.C. Code § 24-431(a) and sections 8.4 and 8.8 of Program Statement 5880.33 in determining the jail time credit Petitioner should receive for the time he spent in pre-sentence custody. It further appears that under this authority, Petitioner should receive jail time credit beginning on the date of his arrest on April 24, 1999.[3]

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's sentences have not been properly executed, and that he is entitled to a new sentence computation based upon the D.C. Superior Court's sentencing orders and Program Statement 5880.33. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and direct the BOP to recalculate Petitioner's sentence in accordance with the D.C. Superior Court's sentencing order and the authority cited herein.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with

---

[3] The undersigned has not located any case law directly addressing this issue.

the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Berger.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner at FCI Bennettsville, and to transmit a copy to counsel of record.

July 5, 2019

Dwane L. Tinsley
United States Magistrate Judge