# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ANTHONY MCCOY,

        Petitioner,

v.                                                                     CIVIL ACTION NO. 5:16-cv-06915

D. L. YOUNG, *Warden*,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's August 1, 2016 *Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 for Miscalculation of Sentence* (Document 1), brought on the grounds, *inter alia*, that the Bureau of Prisons (BOP) improperly denied him credit for time served between his arrest and his sentencing.

By *Standing Order* (Document 3) entered on August 1, 2016, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On July 5, 2019, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 18) wherein it is recommended that this Court grant the Petitioner's motion and direct the BOP to recalculate the Petitioner's sentence. Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by July 22, 2019. The Respondent, D.L. Young, Warden,

submitted timely *Objections to Proposed Findings and Recommendations* (Document 19). For the reasons stated herein, the Court finds that the objections should be sustained.

**FACTS**

The Petitioner, Anthony McCoy, was serving a four-year term of supervised release when he left a halfway house on February 13, 1999. The Superior Court of the District of Columbia issued an arrest warrant charging him with murder on February 17, 1999. A petition to revoke his supervised release, alleging that he violated the conditions of supervised release by leaving the halfway house and failing drug tests, was submitted on March 26, 1999, and the D.C. District Court issued an arrest warrant for the supervised release violations on April 1, 1999. The Petitioner was arrested on both warrants on April 24, 1999.

The D.C. District Court revoked his supervised release and sentenced him to a 36-month term of imprisonment on August 10, 1999. His sentence computation used an initial date of August 10, 1999, the date the sentence was imposed, and credited Mr. McCoy for 108 days of prior custody for the time spent in custody between his arrest and his revocation sentencing date. His revocation sentence was satisfied on December 3, 2001.

On December 19, 2000, Mr. McCoy was sentenced in the D.C. Superior Court on four counts. As to Count C, Possession of a Firearm During a Crime of Violence, the court imposed a sentence of 5-15 years, to run concurrent to any other sentences, and as to Count D, Carrying a Pistol Without a License, imposed a sentence of 20 months to 5 years to run consecutive to any other sentence. As to Count E, Possession of an Unregistered Firearm, the court imposed a sentence of 1 year to run concurrent to any other sentence, and as to Count F, Possession of Unregistered Ammunition, imposed a sentence of 1 year to run concurrent to any other sentence. Finally, as to Count G, Voluntary Manslaughter, the court imposed a sentence of 15 years to life,

to run consecutive to any other sentence. The BOP used a sentence commencement date of December 3, 2001, the date Mr. McCoy satisfied the revocation sentence, and applied no prior custody credit. The total time calculated prior to his parole eligibility date is 16 years, eight months, based on the sentences for Counts D and G, which were ordered to run consecutive to all other sentences.

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

Magistrate Judge Tinsley found that the sentences that were imposed to run concurrent to all other sentences should have commenced on the sentencing date, and that the Petitioner was entitled to credit for the time spent in pre-sentence custody, beginning on the date of his arrest on April 24, 1999. The Respondent argues that the sentences imposed to run concurrent to all other sentences "were totally absorbed by the consecutive 5-year and Life sentences," and therefore do not impact the calculated sentence commencement date or total term of imprisonment. (Obj. at 3.) The Respondent further contends that the Petitioner is not entitled to prior custody credit for the

3

time between his arrest and his sentencing because "that time was credited against his parole violator term" and cannot properly be credited to more than one sentence. (*Id.* at 4.)

Although the PF&R correctly found that the sentences ordered to run concurrent should run concurrent with the revocation sentence, rather than beginning after that sentence was fully satisfied, those sentences did not increase the total period of imprisonment and played no role in the time calculations. The consecutive sentences properly commenced after the Petitioner's revocation sentence was satisfied, and the Petitioner's parole eligibility date and total term were based entirely on those consecutive sentences. Thus, any error in the treatment of the Petitioner's concurrent sentences has no impact on the time calculation.

Next, the Petitioner seeks credit for time served between his arrest and the imposition of the new offense sentences. As both the PF&R and the Respondent note, prior custody credit generally cannot be applied to a federal sentence if it has already been credited to another sentence. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 334 (1992). Mr. McCoy's D.C. Code sentences are not subject to § 3585(b), however. D.C. Code provides that "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody…as a result of the offense for which the sentence was imposed." D.C. Code §24-221.03. Mr. McCoy was arrested and detained on warrants for both the supervised release violation and the new criminal conduct. The time in custody prior to sentencing was credited only to the revocation sentence. The D.C. Court of Appeals addressed a similar issue in *Ali v. D.C.*, 612 A.2d 228, 229 (D.C. 1992). The court concluded that, where a person was detained on valid warrants for both new criminal conduct and a parole violation, the pre-sentencing time in detention could properly be credited, under D.C. Code, to only one sentence. It was applied to the parole violation sentence and not the sentence for the new criminal charges. The Court has not identified case law

4

reaching the contrary result to permit pre-sentencing detention time to be credited to multiple sentences. Accordingly, the Court finds that the Petitioner's time was calculated correctly.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Objections to Proposed Findings and Recommendations* (Document 19) be **SUSTAINED**. The Court further **ORDERS** that the Petitioner's *Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 for Miscalculation of Sentence* (Document 1) be **DENIED** and that this matter be **DISMISSED** and **STRICKEN** from the Court's active docket.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, to counsel of record, and to any unrepresented party.

ENTER: August 12, 2019

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA